## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the STATE OF NORTH CAROLINA ex rel. JOSH STEIN, Attorney General,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST NATIONAL BANK OF PENNSYLVANIA, in its corporate capacity and as successor in interest to YADKIN BANK,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 24-CV-88 |

## MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR ENTRY OF CONSENT ORDER

Plaintiff, the United States of America, through undersigned counsel, provides the Court with the below background and legal authorities in support of its Consent Motion for Entry of Consent Order ("Consent Order").

### I.    Background

In 2021, United States opened an investigation of Defendant First National Bank of Pennsylvania, relating to alleged violations under the under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691–1691f. The particulars of the alleged violations are set forth in the Complaint filed by the United States, but at a high level, the United States contends that Defendant (including as successor in interest to Yadkin Bank, which it acquired in March 2017) engaged in a pattern or practice of unlawful redlining by avoiding providing home loans

and other mortgage services, and engaged in acts and practices that would discourage loan applications from prospective applicants who are residents of, or seeking credit in, majority-Black and Hispanic census tracts in its Charlotte, North Carolina, and Winston-Salem, North Carolina Community Reinvestment Act Assessment Areas. (Doc. 1). Defendant cooperated with the United States' investigation and participated in good faith in arms' length settlement negotiations through counsel, which have been ongoing since April 2023. The United States and Defendant have agreed to the terms of the proposed Consent Order and desire to end any dispute pursuant to the Consent Order. The State of North Carolina and Defendant have reached a separate consent order, which is consistent with this Consent Order.

The Consent Order primarily consists of injunctive relief, as authorized by 42 U.S.C. § 3614(a)(1)(A) and 15 U.S.C. § 1691e(h). Specifically, the Consent Order reinforces that Defendant must comply with federal law requiring the provision of equal opportunity to credit, conduct an assessment of community credit needs, conduct an assessment of and prepare a plan for its fair lending compliance program, revise its fair lending training materials, appoint a director of community lending, increase its physical presence in majority-Black and Hispanic census tracts ("MBHCTs"), invest in a $11.75 million loan subsidy fund to increase its lending in MBHCTs in the Charlotte and Winston-Salem markets, partner with community organizations, and invest in advertising, outreach, consumer financial education, and credit initiatives. The Consent Order also imposes documentation and reporting requirements.

## II.    Argument

"Approval of a consent decree is a judicial act, committed to the informed discretion of the trial court." *Carcaño v. Cooper*, No. 1:16CV236, 2019 WL 3302208, at *3 (M.D.N.C. July 23, 2019) (quoting *Bragg v. Robertson*, 83 F. Supp. 2d 713, 717 (S.D. W.Va. 2000)). "In reviewing the terms of a consent decree, the court may not modify the agreement, but can only accept or reject the terms to which the parties have agreed." *United States v. Duke Energy Carolinas, LLC*, 499 F. Supp. 3d 213, 217 (M.D.N.C. 2020). Further, the Court "need not inquire into the precise legal rights of the parties nor reach or resolve the merits of the claims or controversy." *United States v. Bank of Am., N.A.*, No. 3:12-CV-605-RJC-DCK, 2012 WL 4808737, at *2 (W.D.N.C. Oct. 10, 2012).

The Court must find, however, that the proposed resolution is "fair, adequate, and reasonable" and "is not illegal, a product of collusion, or against the public interest." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). Further, the Court "should be guided by the general principle that settlements are encouraged." *North Carolina*, 180 F.3d at 581; *accord Carcaño* at *3.

Here, the settlement is both procedurally and substantively fair, and the terms are adequate and reasonable. *See Duke Energy Carolinas LLC*, 499 F. Supp. 3d at 218. Defendant is represented by able and experienced counsel, who has extensive experience representing financial institutions in investigations brought by United States government agencies, including the Department of Justice. The parties have cooperated during the investigation since 2021, and Defendant voluntarily produced documentary information in

3

connection with the investigation. The terms of the Consent Order are similar to other recent consent orders in redlining cases brought by the Department of Justice, when accounting for Defendants' cooperation and culpability relative to other matters. *See, e.g.*, *United States of America v. Ameris Bank.*, M.D. Fla. No. 3:23-cv-01232 MMH-LLL (Doc. 14); *United States of America v. The Washington Trust Co., of Westerly*, D.R.I. No. 1:23-cv-00399-MSM-LDA (Doc. 8). Further, resolving this matter through a Consent Decree rather than litigation is in the public interest: It will "avoid the consumption of a significant amount of time and expense by the parties, including the public fisc, and . . . allow for the efficient use of judicial resources." *Carcaño* at *5 (quoting *W. Va. Highlands Conservancy v. Pocahontas Land Corp.*, No. 2:13-cv-12500, 2015 WL 7736645, at *2 (S.D. W.Va. Nov. 30, 2015)).

## III.    Conclusion

In sum, the proposed Decree is fair, adequate and reasonable, and is in the public interest. The United States, with consent of Defendant, therefore respectfully requests that the Court enter the Decree as the final judgment in this matter.

Dated:  February 5, 2024

Respectfully submitted,

SANDRA J. HAIRSTON
United States Attorney

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division


*/s/ Cassie L. Crawford*
REBECCA A. MAYER, TX Bar #
 24092376
CASSIE L. CRAWFORD, NCSB #
 45396
Assistant U.S. Attorneys
101 South Edgeworth Street, 4th Floor
Greensboro, North Carolina 27401
(336) 333-5351
cassie.crawford@usdoj.gov
rebecca.mayer@usdoj.gov

*/s/ Alan A. Martinson*
CARRIE PAGNUCCO
Chief
LUCY G. CARLSON
Deputy Chief
ALAN A. MARTINSON
WESTRA BEA MILLER
Trial Attorneys
Housing & Civil Enforcement Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Phone: (202) 616-2191
Fax: (202) 514-1116
alan.martinson@usdoj.gov
westra.miller@usdoj.gov

Attorneys for United States of America

5

## CERTIFICATE OF WORD COUNT

I certify that this Memorandum complies with the word count limit set forth in L.R. 7.3(d). The number of words in this Memorandum, exclusive of the caption, signature lines, certificate of service, and any cover page or index, according to the word count feature of the word processing software used to prepare the Memorandum, does not exceed 6,250 words.

This the 5th day of February, 2024.

/s/ Cassie L. Crawford
Cassie L. Crawford, NCSB # 45396
Assistant U.S. Attorney
101 South Edgeworth Street, 4th Floor
Greensboro, North Carolina 27401
(336) 333-5351
cassie.crawford@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I have this 5th day of February, 2024 caused to be served a copy of the

foregoing Memorandum in Support of Motion for Entry of Consent Order upon the below

listed counsel via electronic mail and/or U.S. mail, postage prepaid, addressed as follows:

James W. Cooper, Esq.
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW
Washington, DC  20001-3743
james.w.cooper@arnoldporter.com
*Counsel for the Defendant*

*/s/ Cassie L. Crawford*
Cassie L. Crawford, NCSB # 45396
Assistant U.S. Attorney
101 South Edgeworth Street, 4th Floor
Greensboro, North Carolina 27401
(336) 333-5351
cassie.crawford@usdoj.gov

7