UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>and the STATE OF NORTH CAROLINA )<br>ex rel. JOSH STEIN, Attorney General, )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>FIRST NATIONAL BANK OF )<br>PENNSYLVANIA, in its corporate )<br>capacity and as successor in interest to )<br>YADKIN BANK, )<br>  )<br>Defendant. ) | No. 24-CV-88 |

## MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR ENTRY OF CONSENT ORDER

Plaintiff the State of North Carolina, through undersigned counsel, provides the Court with the below background and legal authorities in support of its Consent Motion for Entry of Consent Order ("Consent Order").

### I. Background

In 2022, North Carolina joined the United States' previously opened investigation of whether Defendant First National Bank of Pennsylvania had engaged in unlawful redlining. The particulars of the alleged violations are set forth in the Complaint, but at a high level, North Carolina contends that Defendant (including as successor in interest to Yadkin Bank, which it acquired in March 2017) engaged in a pattern or practice of unlawful redlining in violation of the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.*, and the regulations implementing the Equal Credit Opportunity Act,

12 C.F.R. § 1002.1 *et seq.*, pursuant to the authority under 12 U.S.C. § 5552(a)(2)(B), by discriminating on the basis of race, color, and national origin. More specifically, Defendant avoided providing home loans and other mortgage services in majority-Black and Hispanic census tracts in its Charlotte, North Carolina, and Winston-Salem, North Carolina service areas, and engaged in acts and practices that would discourage loan applications from prospective applicants who are residents of, or seeking credit in, those census tracts. (Doc. 1). Defendant cooperated with North Carolina's investigation and participated in good faith in arms' length settlement negotiations through counsel, which have been ongoing since April 2023. North Carolina and Defendant have agreed to the terms of the proposed Consent Order and desire to resolve the claims of North Carolina raised in the Complaint. The United States and Defendant have reached a separate consent order, which is consistent with this Consent Order.

The Consent Order primarily consists of relief authorized by N.C. Gen. Stat. § 75-1.1 *et seq.* and 12 C.F.R. § 1002.1 *et seq.* Specifically, the Consent Order requires the Defendant to conduct an assessment of community credit needs, conduct an assessment of and prepare a plan for its fair lending compliance program, revise its fair lending training materials, appoint a director of community lending, increase its physical presence in majority-Black and Hispanic census tracts ("MBHCTs"), invest in a $11.75 million loan subsidy fund to increase its lending in MBHCTs in the Charlotte and Winston-Salem markets, and invest in advertising, outreach, consumer financial education, and credit initiatives. The Consent Order also imposes documentation and reporting requirements.

## II. Argument

"Approval of a consent decree is a judicial act, committed to the informed discretion of the trial court." *Carcaño v. Cooper*, No. 1:16CV236, 2019 WL 3302208, at *3 (M.D.N.C. July 23, 2019) (quoting *Bragg v. Robertson*, 83 F. Supp. 2d 713, 717 (S.D. W.Va. 2000)). "In reviewing the terms of a consent decree, the court may not modify the agreement, but can only accept or reject the terms to which the parties have agreed." *United States v. Duke Energy Carolinas, LLC*, 499 F. Supp. 3d 213, 217 (M.D.N.C. 2020). Further, the Court "need not inquire into the precise legal rights of the parties nor reach or resolve the merits of the claims or controversy." *United States v. Bank of Am., N.A.*, No. 3:12-CV-605-RJC-DCK, 2012 WL 4808737, at *2 (W.D.N.C. Oct. 10, 2012).

The Court must find, however, that the proposed resolution is "fair, adequate, and reasonable" and "is not illegal, a product of collusion, or against the public interest." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). Further, the Court "should be guided by the general principle that settlements are encouraged." *Id.*; *accord Carcaño*, 2019 WL 3302208, at *3.

Here, the settlement is both procedurally and substantively fair, and the terms are adequate and reasonable. *See Duke Energy Carolinas LLC*, 499 F. Supp. 3d at 218. Defendant is represented by able and experienced counsel, who has extensive experience representing financial institutions in investigations brought by government agencies. The parties have cooperated since North Carolina joined the investigation in 2022, and Defendant voluntarily produced documentary information in connection with the

3

investigation. The terms of the Consent Order are similar to other recent consent orders in redlining cases brought by law enforcement agencies. *See, e.g.*, *United States v. Ameris Bank.*, M.D. Fla. No. 3:23-cv-01232 MMH-LLL (Doc. 14); *United States v. The Washington Trust Co., of Westerly*, D.R.I. No. 1:23-cv-00399-MSM-LDA (Doc. 8).

The Consent Order is in the public interest because it "focuses heavily on eradicating the possibility of discrimination in the future." *Bank of Am.*, *N.A.*, 2012 WL 4808737, at *4. Further, resolving this matter through a consent order rather than litigation is in the public interest because it will "avoid the consumption of a significant amount of time and expense by the parties, including the public fisc, and . . . allow for the efficient use of judicial resources." *Carcaño*, 2019 WL 3302208, at *5 (quoting *W. Va. Highlands Conservancy v. Pocahontas Land Corp.*, No. 2:13-cv-12500, 2015 WL 7736645, at *2 (S.D. W.Va. Nov. 30, 2015)).

### III. Conclusion

In sum, the proposed Decree is fair, adequate and reasonable, and is in the public interest. North Carolina, with consent of Defendant, therefore, respectfully requests that the Court enter the Decree as the final judgment in this matter.

Respectfully submitted this 5th day of February, 2024,

**FOR THE STATE OF NORTH CAROLINA, BY AND THROUGH ITS ATTORNEY GENERAL JOSH STEIN:**

/s/ Jasmine S. McGhee
JASMINE S. MCGHEE, NCSB #48424
Senior Deputy Attorney General
DANIEL P. MOSTELLER, NCSB #36958
Deputy General Counsel
A. MERCEDES RESTUCHA, NCSB #40018
Assistant Attorney General
North Carolina Department of Justice
114 West Edenton Street
Raleigh, NC 27603
Phone: (919) 716-6400
jmcghee@ncdoj.gov
dmosteller@ncdoj.gov
arestucha@ncdoj.gov

*Attorneys for the State of North Carolina*

# CERTIFICATE OF SERVICE

I certify that I have this 5th day of February, 2024 caused to be served a copy of the foregoing Memorandum in Support of Motion for Entry of Consent Order upon the below listed counsel via electronic mail and/or U.S. mail, postage prepaid, addressed as follows:

James W. Cooper, Esq.
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
james.w.cooper@arnoldporter.com

*Counsel for the Defendant*

/s/ Jasmine S. McGhee
JASMINE S. MCGHEE, NCSB #48424
Senior Deputy Attorney General
North Carolina Department of Justice
114 West Edenton Street
Raleigh, NC 27603
Phone: (919) 716-6400-
jmcghee@ncdoj.gov

6